# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EDWARD HOFFMAN,<br><br>  Plaintiff,<br>vs.<br><br>IMPACT CONFECTIONS, INC., a Colorado corporation, and DOES 1 through 100, inclusive,<br><br>  Defendants. | CASE NO. 06cv00489 BTM(NLS)<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)** |

Pursuant to Fed. R. Civ. P. 60(b), Plaintiff has filed a motion for relief from the Court's Order Granting Motion for Summary Judgment. For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff Carl Hoffman alleges that defendant Impact Confections, Inc. ("Impact") misappropriated his idea of selling a NASCAR-endorsed candy or bubble gum packaged in a plastic container shaped like a tire or wheel. In his First Amended Complaint, Plaintiff asserted the following claims: (1) misappropriation of trade secrets; (2) intentional interference with economic relationships; (3) negligent interference with economic relationships; (4) breach of contract ("Non-Disclosure Agreement:); (5) breach of implied contract; (6) copyright infringement; (7) quantum meruit; (8) violation of Cal. Bus. & Prof. Code § 17200 and California common law; (9) constructive trust/accounting; and (10) injunctive relief.

On November 19, 2007, Impact filed a motion for summary judgment. The hearing

on the motion was scheduled for January 18, 2008. On December 21, 2007, a week before Plaintiff's opposition was due, Plaintiff's counsel, Susan Emrich, filed an ex parte application to continue the hearing on the motion for summary judgment for 30 days. The ex parte application was filed in response to events surrounding allegations by Dylan Baker, one of Impact's witnesses, that Plaintiff had threatened him on December 6, 2007. Shortly after the December 6 incident, Baker filed an application in the Superior Court of San Diego County for a restraining order against Plaintiff. In addition, Impact's counsel notified the Federal Bureau of Investigations about the incident. In her ex parte application, Emrich claimed that her ability to represent Plaintiff was hampered by concerns regarding threats of criminal consequences of communicating with third-party witnesses.

In an order filed on December 26, 2007, the Court granted in part and denied in part the application to continue the hearing on the motion for summary judgment. The Court continued the hearing on the motion to February 1, 2008 (a 14 day extension). Accordingly, Plaintiff's opposition was due on or before January 18, 2008. Emrich did not file an opposition to the motion on the due date or anytime thereafter.

In an order filed on February 14, 2008 ("Summary Judgment Order"), the Court granted Impact's motion for summary judgment. The Court held:

- Hoffman did not have standing to bring a claim for breach of the Non-Disclosure Agreement because the contract was between Ollie Pop Bubble Gum Co., Inc. ("Ollie Pop") and Impact, and the Settlement Agreement between Ollie Pop and Hoffman did not transfer any rights under the Non-Disclosure Agreement.

- Setting aside the lack of standing, there was no evidence that Impact had breached the Non-Disclosure Agreement. There was no evidence that Ollie Pop ever provided Impact with information, tangible or intangible, that was designated "confidential" or "proprietary." Furthermore, there was no evidence that Impact had breached the agreement's prohibition against conducting business with "any entity or individual introduced" by Ollie Pop, because after Ollie Pop terminated its relationship with Impact, Impact retained Jim Humphries of Elite Sports to negotiate non-exclusive, limited sponsorship agreements with Biaggi Brothers Racing LLC and Mike Wallace Racing.

- Impact was entitled to summary judgment on the misappropriation of trade secrets claim because there was no evidence that Ollie Pop took reasonable steps to maintain the

secrecy of the information at issue.

- There was no copyright infringement because the artwork for the "Champion Chew " packaging is not substantially similar to the copyrighted two-dimensional art work for "Pit Crew Chew."
- The remaining claims failed because they were based on the underlying claims of infringement and misappropriation of trade secrets and confidential information.

Judgment was entered on February 14, 2008.

On July 1, 2008, Timothy P. Kindelan, Esq., filed a motion to be substituted in as counsel of record for Plaintiff. Kindelan explained that he was unable to obtain a signature from Ms. Emrich on the form for substitution of counsel. On July 17, 2008, the Court granted the motion for substitution of counsel.

On August 4, 2008, Plaintiff filed a motion to proceed in pro per, which the Court granted. On August 12, 2008, Plaintiff filed the instant motion.

## II. DISCUSSION

Plaintiff seeks to set aside the Court's Summary Judgment Order on the grounds that his attorney abandoned him and opposing counsel engaged in misconduct. For the reasons discussed below, the Court concludes that Plaintiff is not entitled to Rule 60(b) relief.

A. Rule 60(b)(1)

Plaintiff contends that he is entitled to relief under Rule 60(b)(1). Rule 60(b)(1) provides, "On motion . . . the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

The term "excusable neglect" extends to cases of negligence, carelessness, and inadvertent mistake. Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir. 2000). In determining whether negligence on the part of counsel constitutes "excusable neglect," courts consider the following four factors set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Bateman, 231 F.3d at 1223.

It is unclear whether Ms. Emrich failed to file the opposition to the motion for summary judgment as a result of negligence or whether Ms. Emrich purposefully chose to abandon the case. However, for purposes of this motion, the Court will assume that Ms. Emrich's failure to file the opposition was due to some sort of negligence and will apply the Pioneer factors.

Impact has not established that it will suffer any significant prejudice if the judgment is set aside. However, the other Pioneer factors weigh against setting aside the judgment. Most significantly, Plaintiff has failed to provide a reasonable explanation for why Ms. Emrich completely failed to file any opposition and why the Rule 60(b) motion was not filed until almost seven months after the filing deadline for the opposition.

Plaintiff claims that he did not know about the judgment entered in his case until March 3, 2008, and, prior to that time, did not even know that a summary judgment motion had been filed. The Court questions whether this is true. In Baker's application for a restraining order against Plaintiff, which was served on Plaintiff in December 2007, Baker stated: "I am acting as a witness for the defense in the lawsuit, and now that Carl has threatened my life, the case may be dismissed and Carl may be investigated for Federal witness tampering." (Ex. 5 to Impact's Request for Judicial Notice ("RJN").) In addition, Plaintiff attended the hearing on Baker's application for a restraining order on December 21, 2007. At the hearing, in response to a suggestion by Ms. Emrich that Mr. Tabrisky, Impact's counsel, had orchestrated Baker's application for a restraining order, Baker advised the court and Ms. Emrich regarding his contacts with Mr. Tabrisky. (Baker Decl. (Ex. 4 to RJN), ¶ 15.) Baker also made it clear to Ms. Emrich that he had no objection to speaking with her concerning the case and providing her with a statement like he had with Mr. Tabrisky. (Id.) Thus, it appears that Plaintiff knew or should have known that Baker had signed a

declaration in support of a dispositive motion filed by Impact.[1]

Even if the Court accepts that Plaintiff did not discover that the Court had granted Impact's motion for summary judgment until March 3, 2008, Plaintiff has not provided good reasons for waiting five months to file his Rule 60(b) motion. After Plaintiff discovered that judgment had been entered in favor of Impact, Plaintiff claims that he talked to Ms. Emrich, who said that she would file a motion to reinstate the case. (Hoffman Decl. ¶ 21.) However, thereafter, she "became impossible to get a hold of," failed to show up at meetings, and ignored phone calls and e-mails. (Id. at ¶ 22.) Instead of taking matters into his own hands and asking the Court for relief as soon as it became apparent that Ms. Emrich was not being responsive, Plaintiff inexplicably did nothing until early May, when he met with Mr. Kindelan, his second attorney. From May to July, Kindelan attempted to talk to Ms. Emrich regarding the summary judgment motion and attempted to obtain her signature on a Substitution of Attorney form. On July 1, 2008, not having succeeded in obtaining Ms. Emrich's signature, Kindelan finally filed a motion to substitute in as counsel. The motion was granted in mid-July. The following month, Plaintiff filed a motion to proceed in pro per and filed his Rule 60(b) motion thereafter.

Upon discovering the adverse judgment, Plaintiff should have immediately filed a Rule 60(b) motion. When Ms. Emrich did not file a Rule 60(b) motion promptly after being contacted by Plaintiff (especially in light of the fact that she had failed to file an opposition to the motion for summary judgment), it became unreasonable for Plaintiff to wait for her to take any sort of action. A couple of months were wasted while waiting for Ms. Emrich to file a Rule 60(b) motion, and then a couple of more months were wasted waiting for her to cooperate with new counsel by providing a declaration and signing a substitution of attorney form. Seven months after the opposition was due, Plaintiff did what he should have done in the first place – he filed his Rule 60(b) motion in pro per.

Considering all of the Pioneer factors, the Court concludes that Plaintiff has failed to

---

[1] Because there is some question as to whether Plaintiff is telling the truth regarding his lack of awareness that there was a motion for summary judgment pending, the Court also has doubts with respect to whether Plaintiff is acting entirely in good faith.

establish "excusable neglect." Therefore, Plaintiff is not entitled to relief under Rule 60(b)(1).

B. Rule 60(b)(3)

Rule 60(b)(3) provides for relief in the instance of fraud, misrepresentation, or misconduct by an opposing party. Plaintiff argues that Impact engaged in misconduct by failing to submit evidence that rights under the Non-Disclosure Agreement were assigned to him and by failing to point out to the Court that Impact had previously applied for a NASCAR license in conjunction with Pit Crew Chew.

To obtain relief under Rule 60(b)(3), Plaintiff must show that the conduct complained of prevented him from fully and fairly presenting his position. Casey, 362 F.3d at 1260. Plaintiff has not established that Impact engaged in misconduct. Impact did not have a duty to submit the evidence upon which Plaintiff relies or to make Plaintiff's arguments. Furthermore, Impact did not do anything to prevent Plaintiff from presenting his defense to the motion for summary judgment. Therefore, Plaintiff is not entitled to relief under Rule 60(b)(3).

C. Rule 60(b)(6)

Rule 60(b)(6) provides for relief for "any other reason that justifies relief." Plaintiff argues that he is entitled to relief under this subsection due to his counsel's gross neglect and abandonment.

Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). A party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

In Tani, 282 F.3d at 1169, the Ninth Circuit held that where a client demonstrates

gross negligence on the part of his counsel, a default judgment may be set aside pursuant to Rule 60(b)(6). Plaintiff argues that his counsel was guilty of gross negligence and that her conduct amounts to "extraordinary circumstances" under Rule 60(b)(6).

However, the Ninth Circuit has declined to expand the holding of <u>Tani</u> beyond the default judgment context. In <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F.3d 1097 (9th Cir. 2006), the Ninth Circuit held that the gross negligence of Plaintiff's counsel did not provide grounds to vacate a judgment that was entered pursuant to Plaintiff's acceptance of an offer of judgment under Fed. R. Civ. P. 68. The Ninth Circuit explained that its decision in <u>Tani</u> "was explicitly premised upon the default judgment context of the case." <u>Id.</u> at 1103.

The judgment in this case was not a default judgment. Therefore, <u>Tani</u> is inapposite, and Plaintiff is not entitled to relief based on any gross negligence on the part of his counsel.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for relief under Fed. R. Civ. P. 60(b) is **DENIED**.[2]

**IT IS SO ORDERED.**

DATED: November 26, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge

---

[2] Impact's objections to Plaintiff's evidence are denied as moot because the Court did not rely on the evidence in ruling on the motion.